UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| LARRY WEATHERS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 3:10-cv-533 CAN |
| CHRISTOPHER CAMPARONE, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On October 31, 2007, Defendant, Christopher Camparone ("Camparone"), arrested Plaintiff, Larry Weathers ("Weathers"), because of an outstanding warrant for Weathers' arrest issued by St. Joseph County, Indiana. Weathers was tried and convicted of burglary and spent two years in jail. However, his conviction was overturned by the Indiana Court of Appeals. Weathers now seeks damages for his arrest against Camparone. For the following reasons, the Court **GRANTS** summary judgment in favor of Camparone.

**I. PROCEDURE**

On July 11, 2011, Weathers, proceeding *pro se*, filed his amended complaint against Camparone for a claim under 42 U.S.C. § 1983 for false arrest.

On May 9, 2012, Camparone filed a motion for summary judgment. On June 27, 2012, Weathers filed a response. The Court issues the following opinion and order pursuant to the parties' consent and 28 U.S.C. § 636(c).

**II. FACTS**

The following facts are not in dispute because Weathers has not presented any contrary evidence to put the facts in dispute.

On October 31, 2007, Camparone, a South Bend Police Officer, was dispatched to 1667 N. Riverside Drive, Apartment C to address a reported domestic dispute. Doc. No. 32-1 at 1. When he arrived, Camparone spoke to Weathers and another person. *Id.* Because Weathers' name was not on the lease, he was asked to leave. *Id.* at 1-2. As Weathers prepared to leave, Camparone checked for any outstanding warrants against Weathers. *Id.* at 2. Camparone discovered a warrant for Weathers' arrest in connection with a burglary. *Id.*; Doc. No. 32-2 at 1. Camparone verified the warrant with his dispatch, and then arrested Weathers and took him to the St. Joseph County Jail. Doc. No. 32-1 at 2. Camparone did not participate in the investigation, trial, or appeal of Weathers' burglary charge. *Id.*

On April 22, 2008, Weathers was convicted of burglary by the St. Joseph County Superior Court. Doc. No. 32-3 at 2. On June 10, 2009, after spending two years in jail, Weathers was released when the Indiana Court of Appeals overturned his conviction. *Id.* at 3.

### III. ANALYSIS

#### A. Summary Judgment Standard

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Lawson v. CSX Transp., Inc.*, 245 F.3d 916, 922 (7th Cir. 2001). In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the nonmoving party as well to draw all reasonable and justifiable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *King v. Preferred Technical Group*, 166 F.3d 887, 890 (7th Cir. 1999). To overcome a motion

for summary judgment, the nonmoving party cannot rest on the mere allegations or denials contained in its pleadings. Rather, the nonmoving party must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. *Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986); *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000). Where a factual record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*citing Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 289 (1968)).

Weathers has asked the Court to deny Camparone's motion for summary judgment, but he has failed to present the Court with any facts. He simply rests on the mere allegations in his complaint that was falsely arrested and is entitled to the damages he claims. He has not presented any evidence, let alone sufficient evidence, to show the existence of each element of his case. *See Celotex*, 477 U.S. at 322-23. As a result, the Court finds that there are no genuine issues of material fact to be determined. The Court also finds that Camparone is entitled to judgment as a matter of law.

**B.     Section 1983**

Section 1983 provides that any person who, under color of law causes a deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured by the deprivation. 42 U.S.C. § 1983. The first thing Weathers must show is that he suffered a deprivation of his constitutional rights. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). When a plaintiff has been arrested pursuant to a valid warrant conforming to constitutional requirements, he has not suffered a constitutional deprivation. *Id.* at 142-43; *See also Coleman v.*

*Frantz*, 593 F.Supp. 28, 31-33 (1984) (explaining that because plaintiff was arrested pursuant to a valid warrant, he could not recover under § 1983).

Here, Weathers does not dispute the validity of the warrant, which has been produced as an exhibit. *See* Doc. No. 32-2. Camparone was assured of its validity repeatedly as he verified the existence of the warrant. As a result, he did not violate any of Weathers' constitutional rights, and Weathers' claim fails.

Even if Weathers' could show a constitutional deprivation, he has not shown any basis for liability. Weathers does not clarify whether his claims against Camparone are in an official or an individual capacity. To the extent that the claims are against Camparone in his official capacity, there is no distinction between him and the South Bend Police Department. *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). The South Bend Police Department is a municipality. Weathers alleges in this lawsuit that the South Bend Police Department violated his Constitutional rights. Therefore, the South Bend Police Department can only be held liable pursuant to official policy and not on a respondeat superior theory. *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690 (1978); *Woods v. City of Michigan City, Ind.*, 940 F.2d 275, 277 (7th Cir. 1991).

To maintain suit against a municipality under §1983, a plaintiff must establish a "policy or custom" attributable to municipal policymakers. *Monell*, 436 U.S. at 691-94. An unconstitutional policy or custom may be established in three ways: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with the force of law; or (3) an allegation that the constitutional

4

injury was caused by a person with final policy-making authority. *Palmer v. Marion County*, 327 F.3d 588, 594-595 (7th Cir. 2003).

Weathers has not made any showing whatsoever, let alone shown a policy, a widespread practice, or that Camparone had final policy-making authority. As a result, Weathers' claim against Camparone in his official capacity fails.

Furthermore, if Weathers' claim is against Camparone in his individual capacity, Camparone enjoys qualified immunity. Qualified immunity protects government officials such as police officers "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity protects an officer regardless of the error being a mistake of law or fact. *Groh v. Ramirez*, 540 U.S. 551, 567 (2004).

Here, Camparone has demonstrated that he acted pursuant to a valid arrest warrant. Weathers has not produced any evidence that Weathers should have acted otherwise. He has not shown that Camparone violated any clearly established statutory or constitutional rights. *See Harlow*, 457 U.S. at 818. Although Weathers' conviction was overturned, Camparone's actions were protected by qualified immunity. Thus, Weathers' claim against Camparone in his individual capacity fails.

### III. CONCLUSION

Because the undisputed facts show that Weathers was arrested pursuant to a valid warrant, the Court **GRANTS** Camparone's motion for summary judgment. [Doc. No. 31]. The clerk is instructed to enter judgment in favor of Camparone.

**SO ORDERED.**

Dated this 16th day of July, 2012.

5

S/Christopher A Nuechterlein
                                              Christopher A. Nuechterlein
                                              United States Magistrate Judge